UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10753
_____


PENELOPE Y. LARY, Temporary Administrator of the Estate of
David H. Constantine

                              Plaintiff-Appellant,

                    v.

DALLAS AREA RAPID TRANSIT

                              Defendant-Appellee.


PENELOPE Y. LARY, Temporary Administrator of the Estate of
David H. Constantine

                              Plaintiff-Appellant,

                    v.

VICTOR BURKE; ROGER SNOBLE

                              Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-779-R)

March 15, 2002

Before ALDISERT*, DAVIS, and PARKER, Circuit Judges.

---

* Circuit Judge of the Third Circuit Court of Appeals, sitting
by designation.

PER CURIAM**:

Penelope Y. Lary, temporary administrator of the estate of David H. Constantine, appeals from a denial of her motion for relief from judgment under Rule 60, Federal Rules of Civil Procedure. Her appeal requires us to decide whether the district court abused its discretion when it denied: (1) her motion under Rule 60(b)(2), in which she asserted the discovery of new evidence, and (2) her motion under Rule 60(b)(3), in which she asserted that Appellee Dallas Area Rapid Transit ("DART") failed to fully answer interrogatories. We review these questions under an abuse of discretion standard. Gov't Fin. Serv. One, Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 770 (5th Cir. 1995).

Appellant's decedent, Constantine, filed an action in Texas State Court alleging wrongful termination of employment from DART in violation of an alleged employment agreement, as well as wrongful discharge in violation of the Texas Whistleblower Act, Texas Government Code §§ 554 et seq. He later amended his pleading to add a free speech claim under the First Amendment. DART removed the action to federal court. Constantine filed a second lawsuit asserting federal claims against individual defendants, who then removed those claims to federal court as

---

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.4.

well.  The two actions were later consolidated.  Constantine died and Appellant was substituted for Constantine as plaintiff.

The district court granted the defendants' summary judgment motion.  On a prior appeal to us, we dismissed this action[1].  Lary then filed a Rule 60(b) motion, which the district court similarly denied.  Thereafter, she filed a motion for reconsideration which was also denied.  This appeal followed.

It is important to emphasize at the outset that this is not an appeal from the earlier granting of summary judgment, but an appeal from a denial of a Rule 60(b) motion.  We review such holdings for abuse of discretion.

## I.

Appellant's motion was based on the existence of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).  To succeed on a motion brought under Rule 60(b)(2), "the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" Gov't Fin. Serv., 62 F.3d at 771 (citing New Hampshire Ins. Co. v. Martech USA, Inc., 993 F.2d 1195, 1200-1201 (5th Cir. 1993)).

---

1.  This case, on appeal to us at No. 99-10134, was dismissed for lack of jurisdiction.

As in the previous appeal before us, the gravamen of the complaint revolves around a letter David Constantine wrote to the DART Board of Directors on April 22, 1996. This letter informed the DART Board that it was "paying more funds than necessary to ensure MBE participation which would be an illegal set aside program." Appellant's Brief at 4. Constantine's letter stated that "[i]n both awards of contracts to Koch and La Gloria, the proposed MBE transporter is PNI Distribution, owned by Pettis Norman, which is the fuel supplier for the ATE contract by which ATE is allowed to count 100% of the fuel cost as MBE participation." Appellant's Record Excerpts, Tab 4. He charged " . . . that [DART's] highest level staff allows these irregularities to occur within the Authority." Id. at 5. DART Procurement Regulations require competitive bidding for contracts, the violation of which is a violation of law. Id.

On April 30, 1996, Constantine was placed on administrative leave, and on June 7, 1996, he was terminated. Defendants' Motion for Summary Judgment, P3, R. Vol. 2, p. 15. Constantine sued DART in state court in 1996 for wrongful termination in violation of an alleged employment agreement, and wrongful discharge in violation of the Texas Whistleblower Act, Texas Government Code § 554 et seq. R. Vol. 4, pp. 7-11. He later added a First Amendment claim. DART removed the case to federal court, and it was consolidated with his claims against Victor

4

Burke and Roger Snoble.  When Constantine died in October 1998, Lary was substituted as Plaintiff.

In November 1998, Appellees moved for summary judgment, which was granted on December 3, 1998.  While the first appeal was pending, counsel for Constantine learned that DART's internal auditors investigated a bus fuel contract in 1994 and allegedly found illegalities.  Appellant's Brief at 3.  John Redmon, the auditor who found the alleged illegalities, was not specifically identified in any interrogatory.

During late 1993 or early 1994, Redmon was instructed by his supervisor, Fred Navarette, to investigate a DART bus fuel contract.  The contract was between DART and a company owned by Pettis Norman, referred to as the ATE Contract.  Redmon collected information and documents, interviewed Mr. Norman, and created work papers.  He concluded that Norman was a broker, and his role as a broker violated DART Procurement Regulations and Texas law. Affidavit of John Redmon, R. Vol. 3, p. 421.

The answers by DART, Snoble, and Burke to Constantine's interrogatories all failed to specifically identify Redmon, though they did identify Navarette, Redmon's supervisor. Constantine sought relief under Rule 60(b), asserting that this new information was material and controlling, and would have produced a different result had it been revealed previously. DART responded that Navarette's name and address were included in its reply to interrogatories as a person with knowledge of DART's

interrogatory answers. The court granted the defendant's motion for summary judgment, and dismissed each of his claims. Appellant's Record Excerpt, Tab 5.

Appellant argues that had Redmon been specifically identified in the interrogatory responses, in addition to Navarette, this information would have had a bearing on several elements of a whistleblower claim: good faith, violation of law, and retaliation. Appellant fails, however, to establish that she expended due diligence in locating this new evidence, and in a sense, defeats her argument by conceding that DART specifically identified Navarette by name and address.

Accordingly, we are satisfied that the district court did not abuse its discretion in making a determination that had Appellant exercised due diligence, she would have discovered the necessary information without the Redmon affidavit. Finally, such an analysis may be altogether irrelevant. The evidence presented appears to suggest that Constantine's dismissal had less to do with the contents of the letter and more to do with the fact that he failed to follow the chain of command in writing the letter in the first place.

## II.

In her Rule 60(b)(3) motion, Appellant also argues that she has discovered new evidence which DART fraudulently withheld:

> In this case, summary judgments (sic) was unfairly
> obtained and Appellees are guilty of the type of
> misconduct contemplated by Rule 60(b)(3) because they

6

failed to identify of (sic) John Redmon as a person with knowledge of relevant facts. As in the <u>Rozier [v. Ford Motor Co.</u>, 573 F. 2d 1332, (5th Cir. 1979)] case, Redmon's identification was clearly called for by a fair reading of the interrogatory asking for the identities of persons with knowledge of relevant facts. The district court here also failed to provide any basis for its denial of Plaintiff's Motion for Relief From Judgment.

Appellant's Brief at 24.

Allegations of fraud and misconduct must be supported by clear and convincing evidence. <u>Gov't Fin. Serv.</u>, 62 F.3d at 772. For reasons heretofore stated, we are satisfied that Appellant did not meet this high burden, and accordingly, the district court acted within the proper exercise of its discretion.

\* \* \* \* \*

We have considered all the allegations of the parties and conclude that no further discussion is necessary.

The judgment is **AFFIRMED.**